## MICHELS v. RIPLEY.

District Court, S. D. New York.
Feb. 8, 1939.

Edwin M. Slote, of New York City, for plaintiff.

Phillips, Mahoney & Fielding, of New York City (William E. Goldman, of New York City, of counsel), for defendant.

HULBERT, District Judge.

Defendant, after issue joined, served a demand for a bill of particulars in accordance with Rule 115(a), New York Civil Practice Act, which reads as follows: "(a) Any party may require any other party to give a bill of particulars of his claim, or a copy of the items of the account alleged in a pleading, by serving a written notice stating the items concerning which such particulars are desired. If the party upon whom such notice is served is unwilling to give such particulars, in whole or in part, he may move to vacate or modify such notice by serving his motion papers within five days after receipt thereof. Such motion may be brought on by notice of motion and accompanying affidavits, or,

in a proper case, by notice of motion alone, in which event, however, the notice must specify clearly the objections and the grounds therefor. If no such motion is made, the bill of particulars shall be served within ten days after the demand therefor, unless the court or judge shall otherwise direct."

Subdivision (b) provides that a party may move for a bill of particulars upon notice of motion in the first instance instead of proceeding by demand, and subdivision (c) provides that upon failure to comply in either event, the court may make an order of preclusion.

Plaintiff having failed to comply with such demand, defendant brought on this motion to preclude plaintiff from offering any evidence of and concerning items 1 to 10 set forth in the demand.

Defendant relies upon Rule 34 of the Local Rules of this court which states: "Whenever a procedural question arises which is not covered by the provisions of any statute of the United States, or of the Federal Rules of Civil Procedure, or of these rules, it shall be determined, if possible, by the parallels or analogies furnished by such statutes and rules. If, however, no such parallels or analogies exist, then the procedure heretofore prevailing in courts of equity of the United States, or in default thereof the procedure which shall then prevail in the Supreme Court of the State of New York shall be applied."

Rule 12(e), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, requires that a motion for a bill of particulars be made within twenty days after the service of the pleading to which it is directed and shall point out the defects in the pleading complained of and the details desired, but no authority is given for a motion after issue joined. It would seem to me to be inconsistent to apply the provisions of Section 115(a) under Rule 34.

But, upon this motion, it is unnecessary to so decide. In the replying affidavits submitted by plaintiff's attorney, he states his willingness to furnish particulars except as to items 4 and 8. This will be regarded as a consent to furnish a bill of particulars of items 1 to 3, 5 to 7, and 9 and 10. Settle order on notice of two days.